# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JILL ELIZABETH NEAGLE,

        Plaintiff,

vs.                                            Case No. 3:18-cv-1436-J-32JRK

JASON EDWARD COUNTER,

        Defendant.

## ORDER TO SHOW CAUSE

Pro se plaintiff opened this civil case by filing a document styled "Motion to Enforce Foreign Judgment of Mother's Custody, Visitation, and Primary Residents [sic] and Emergency Verified Pick Up Order" (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). She attaches 88 pages of filings, mostly from a child custody suit now pending in the Fourth Judicial Circuit, in and for Duval County, Florida.

Plaintiff has alleged no basis for the Court to exercise jurisdiction over this matter and there likely is none. The federal courts traditionally abstain from deciding diversity cases that concern domestic relations,[1] the UCCJEA does not confer federal jurisdiction,[2] and, to the extent she is attempting to appeal any adverse rulings from state court, the federal court is not an avenue for that relief either.[3]

---

[1] See, e.g., Ingram v. Hayes, 866 F.2d 368, 369 (11th Cir. 1988) (per curiam).

[2] See, e.g., Cahill v. Kendall, 202 F. Supp. 2d 1322, 1329 (S.D. Ala. 2002) (citing Becker v. California, 17 F.3d 393 (9th Cir. 1994)).

[3] See, e.g., Staley v. Ledbetter, 837 F.2d 1016, 1017-18 (11th Cir. 1998) (finding court had no subject matter jurisdiction over parent's civil rights action which challenged state's child

Accordingly, it is hereby

**ORDERED**:

No later than **DECEMBER 20, 2018**, plaintiff shall **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Failure to respond by the deadline will result in the dismissal of this case without further notice.

Based on the filings from state court that plaintiff attached to her motion, it appears there are hearings imminently set. Plaintiff is advised that the filing of this lawsuit does not have any effect on the state court's schedule; plaintiff should conduct herself accordingly.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of December, 2018.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff

---

custody determination on due process and other grounds); Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1334 (11th Cir. 2001) (affirming dismissal of due process claim under Rooker-Feldman where parents had opportunity to raise constitutional challenges in state court proceedings).

2